# In the United States Court of Federal Claims

No. 23-314
(Filed: 31 March 2023)
NOT FOR PUBLICATION

```
*************************************
ALONZO SPENCER OWENS,                *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
*************************************
```

## ORDER

**HOLTE, Judge.**

      On 1 March 2023, *pro se* plaintiff Alonzo Owens filed a complaint, making various claims including two alleged takings under the Fifth Amendment by a federal employee for the amounts of $413,000,000 and $139,500,000. *See* Compl. at 3, ECF No. 1. Plaintiff alleges a Clerk of Court for the United States Court of Appeals for the Second Circuit "illegal[ly] closed [his] 2nd circuit court jurisdiction," thereby depriving him of "compensable amounts" equivalent to a taking. *Id.* at 1. Plaintiff seeks damages in the amount of $33,900,000,000. *Id.* at 15.

      After careful review of plaintiff's complaint, the Court suspects it lacks jurisdiction over plaintiff's claims. This court's authority to hear cases is set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). The Court's jurisdiction does not extend to reviewing decisions made by Article III tribunals. *See Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) ("Permitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims."); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218–19 (explaining Article III "gives the Federal Judiciary the power, not merely to rule on cases, but to decide them, subject to review only by superior courts in the Article III hierarchy").

      Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") provides "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Court therefore **ORDERS** plaintiff to **SHOW CAUSE** on or before **1 May 2023** as to why this case should not be dismissed pursuant to RCFC 12(h)(3). In responding to this

- 2 -

Order, plaintiff must identify which source or sources of money-mandating law he is invoking, identify how his claims are against the United States, and explain why this court has jurisdiction over this case.  The Court accordingly **STAYS** the government's answer pending the Court's review of plaintiff's forthcoming response.  The government **SHALL FILE** its response to plaintiff's brief within 30 days of the date plaintiff files his brief.

    **IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
